UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00262-FDW-DSC

| | |
|---|---|
| SHEILA RANDALL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GASTON COMMUNITY ACTION, )<br>JOSEPH W. DIXON, CAROL KILGO, and )<br>TRAVICE CONNER, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Travice Conner's (Doc. No. 9), Joseph W. Dixon's (Doc. No. 10), and Carol Kilgo's (Doc. No. 11) Motions to Dismiss. The Motions are now ripe for review.

I. BACKGROUND

Plaintiff Sheila Randall ("Plaintiff") filed her complaint on May 17, 2018 and moved to proceed in forma pauperis. (Doc. Nos. 1, 2). Plaintiff asserts claims against Gaston Community Action ("GCA"), Joseph W. Dixon, Carol Kilgo, and Travice Conner. (Doc. No. 1). The Court granted Plaintiff's motion to proceed in forma pauperis (Doc. No. 3), and Defendants filed answers on July 18, 2018 (Doc. Nos. 12, 13, 14, 15). Dixon, Kilgo, and Conner (the "Individual Defendants") assert a counterclaim of libel per se against Plaintiff. (Doc. Nos. 12, 13, 14). The Individual Defendants also filed their motions to dismiss on July 18, 2018. (Doc. Nos. 9, 10, 11). Because Plaintiff appears *pro se*, the Court issued a Roseboro notice, informing Plaintiff of the burden she carries in responding to the Individual Defendants' Motions and the deadline for responding to the Individual Defendants' Motions. (Doc. No. 17). Plaintiff filed three documents

entitled "Motion to Proceed" on August 2, 2018. (Doc. Nos. 18, 19, 20). The Individual Defendants filed a reply on August 9, 2018. (Doc. No. 25).

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint"—"not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). The court accepts all well-pleaded allegations in the complaint as true and draws all reasonable factual inferences from those facts in the plaintiff's favor, id. at 244 (citations omitted); Mylan Labs., 7 F.3d at 1134, but the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While a court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

## III. ANALYSIS

Dixon, Kilgo, and Conner move to dismiss Plaintiff's Title VII claims because "[t]here is no individual liability under Title VII of the Civil Rights Act of 1964." (Doc. Nos. 9-1, 10-1, 11-

1). As raised by the Individual Defendants, the Fourth Circuit in Lissau v. Southern Food Service, Inc. held "that supervisors are not liable in their individual capacities for Title VII violations." Abeles v. Metro. Wash. Airports Auth., 676 F. App'x 170, 177(4th Cir. 2017) (citing Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998)). (See Doc. Nos. 9-1, 10-1, 11-1). As explained in Baird ex rel. Baird v. Rose,

> The enforcement provision of Title VII permits actions against an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C.A. § 2000e–5(b). Title VII and the ADA define an "employer" in pertinent part as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C.A. § 2000e(b) (West 1994); see 42 U.S.C.A. § 12111(5)(A) (West 1995). We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as "employers." See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir.1998) (holding that supervisors cannot be held liable in their individual capacity under Title VII because they do not fit within the definition of an employer).

192 F.3d 462, 472 (4th Cir. 1999).

Here, Plaintiff has sued the Individual Defendants in their individual capacity. The Complaint names the Individual Defendants and does not indicate that they are sued in their official capacity. (Doc. No. 1). Plaintiff's former employer, GAC, is also already a named party. (Doc. Nos. 1, 1-1). Plaintiff has not alleged any facts supporting that the Individual Defendants are employers as defined under Title VII. Therefore, under the Fourth Circuit's precedent, Plaintiff cannot sue the Individual Defendants as alleged.[1] Therefore, the Court dismisses without prejudice the Title VII claims against the Individual Defendants.

---

[1] The Court has reviewed Plaintiff's Motions to Proceed. The Motions to Proceed respond to the Individual Defendants' answers, counterclaims, and motions to dismiss. However, Plaintiff does not address the Fourth Circuit precedent relied on by the Individual Defendants but merely maintains that there is individual liability under Title VII of the Civil Rights Act of 1964 with citation to cases irrelevant to Title VII claims. (Doc. Nos. 18 at 17, 19 at 20, 20 at 24; see also Doc. No. 25 at 2).

Conner further argues that the Complaint "does not allege any action by Conner which was discriminatory or actionable under law." (Doc. No. 9-1 at 3).[2] Plaintiff, proceeding *pro se*, alleges that on March 22, 2017, "Kilgo wrote and submitted a false report to Health & Human Services excluding the Teacher that was directly involved and making me solely responsible for allegations. She also submitted [a] false report for alleged use of corporal punishment against me that resulted in my employment of 16 years being terminated." (Doc. No. 1 at 5). Plaintiff identifies Kilgo as "the person that initiated the false reports and statements that launched [the] investigation" on March 13, 2017 and alleges "Mr. Dixon on April 6, 2017, knowingly went along with presenting false allegation[s] and . . . encouraged Board members to vote to terminate me base on the false information." (Doc. No. 1 at 5). However, Plaintiff only alleges Conner, "on April 6, 2017[, ]reported the allegations and false findings to the Board of Directors for me to be terminated[.]" (Doc. No. 1 at 5). Conner contends this allegation does not allege Conner knowingly presented false allegations and does not allege Conner made any false report or statement, rending the complaint insufficient to identify "any action taken by Conner for which there is liability." (Doc. No. 9-1 at 4). Yet, Conner does not elaborate or cite any case law for her position.[3] Local Rule 7.1(a) requires all motions to "state with particularity the grounds for the motion and the relief or order sought." This Court's Initial Scheduling Order also requires "a brief

---

[2] Kilgo and Dixon only sought dismissal of the Title VII of the Civil Rights Act of 1964 claims in their Motions. (Doc. Nos. 10, 11).

[3] Further, in accordance with the Supreme Court's directive, courts hold allegations of pro se complaints "to less stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404 U.S. 519, 520 (1972). Plaintiff, therefore, "is entitled to liberal construction of h[er] pleadings[,]" Bala v. Virginia Dept. of Conservation and Recreation, 532 F. App'x 332, 334 (4th Cir. 2013), and need not plead the precise legal theory applicable to her claim, see Johnson v. City of Shelby, Miss., 135 S.Ct. 346, 347 (2014) ("Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim."); Skinner v. Switzer, 562 U.S. 521, 530 (2011) ("[Plaintiff]'s complaint is not a model of the careful drafter's art, but under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the plaintiff's claim, not an exposition of his legal argument.").

statement of the factual and legal grounds on which the motion is based." Conner fails to meet these requirements. The Court therefore denies Conner's request to dismiss Plaintiff's claims as to Defendant Conner without prejudice to Conner's assertion of her defense and argument at a later stage in the proceeding.

## VI. CONCLUSION

IT IS THEREFORE ORDERED that Joseph W. Dixon's (Doc. No. 10) and Carol Kilgo's (Doc. No. 11) Motions to Dismiss are GRANTED, and Travice Conner's (Doc. No. 9) Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Court dismisses without prejudice the Title VII claims against Travice Conner, Joseph W. Dixon, and Carol Kilgo.

Signed: August 13, 2018

Frank D. Whitney
Chief United States District Judge