IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:18-CV-00262-FDW-DSC

SHEILA RANDALL,

        Plaintiff,

v.

GASTON COMMUNITY ACTION INC.,
JOSEPH W. DIXON, CAROL KILGO and
TRAVICE CONNER,

        Defendants.

**CONSENT PROTECTIVE ORDER**

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon agreement of counsel, and deeming it just and proper to do so, the Court enters the following ORDER:

      1.    Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

      2.    "Confidential information," as used herein includes, but is not necessarily limited to:

        a.  Defendants' personnel records, Plaintiff's personnel records, as well as the personnel records of other, similarly situated employees.

        b.  The names of minor children who were students at Defendants' school;

        b.  All financial or other sensitive information, which is not generally accessible to the public, is entitled to an expectation of privacy, and is otherwise treated by a party as confidential;

        c.  Any documents, records or information which relate to any medical treatment

of Plaintiff;

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible.

5. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

6. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

    e. The Court or the jury at trial or as exhibits to motions.

7. Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents;

    and

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8. The confidential information may be displayed to and discussed with the persons identified in Paragraph 6(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

9. For the purpose of Paragraphs 6(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: May 28, 2019

_____
David S. Cayer
United States Magistrate Judge

WE SO CONSENT:

| | |
|---|---|
| /s/ Jennifer Diane Spyker | /s/ Gerald L. Liska |
| Jennifer Diane Spyker, N.C.S.B. 46048 | Gerald L. Liska |
| Maloney Law Associates, PLLC | Mullen Holland & Cooper P.A. |
| 1824 East Seventh Street | 301 S. York St., |
| Charlotte, NC 28204 | P.O. Box 488 |
| jspyker@maloneylegal.com | Gastonia, NC 28053 |
| Telephone: 704-632-1622 | 704.864.6751 (p) |
| Fax: 704-632-1623 | 704.861.8394 (f) |
| *Attorney for Plaintiff* | jliska@mhc-law.com |
| | *Attorney for Defendants* |

Exhibit A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Sheila Randall v. Gaston Community Action, Inc., Joseph W. Dixon, Carol Kilgo, and Travice Conner*, United States District Court for the Western District of North Carolina Civil Action No. 3:18-CV-00262-FDW-DSC, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Signed in the presence of:


_____
(Attorney)